UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STAR A. BROTT,

        Plaintiff,

v.                                        Case No. 18-C-255

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

**DECISION AND ORDER GRANTING MOTION TO AMEND DECISION**

This case is before the court on the Commissioner's Rule 59(e) motion to amend the judgment reversing the Commissioner's decision in the above matter and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner points out in her motion, however, that she is not asking the court to amend the judgment entered in the case, but rather the court's decision. The agency accepts the conclusion and the decision to remand, the Commissioner explains, but requests only that the court modify a sentence and remove a paragraph in which the court attempted to explicate the principles of law requiring the reversal of the Commissioner's decision.

The sentence and paragraph the Commissioner asks the court to remove concern the agency's "treating physician" rule under which the ALJ is required to give the medical opinion of a treating source on the nature and severity of the claimant's impairments "controlling weight" if the opinion "is well-supported by the medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in . . . [the] record." 20 C.F.R.

§ 404.1527(c)(2); SSR 96-2p. If an ALJ gives the treating source's medical opinion lesser weight, he must articulate "good reasons" for doing so. § 404.1527(c)(2). In such a case, "the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion" in determining the weight to give the medical opinion. *Id.*; *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). (The rule does not apply to cases filed on or after March 27, 2017.)

Based on recent rulings by the Seventh Circuit which held that the fact that a psychologist's opinions are based on subjective statements of the patient is not a reason to discount them, the court stated: "Under the law of this circuit, it thus appears that a claimant's description of her symptoms, unless explicitly rejected by her treating physician, are a sufficient basis to require the physician's opinion be given controlling weight under 20 C.F.R. § 404.1527(a)(2)." Dkt. No. 23 at 11. Elaborating further, the court also stated:

> In any event, for the reasons set forth above, the ALJ must avoid rejecting or discounting the opinions of treating physicians because they appear to be based primarily on the patient's self-reported symptoms. Of course, in most cases, this means the ALJ will be required to accept the limitations a claimant's psychologist or psychiatrist lists in answering the type of questionnaires that Drs. Fischer and Burney filled out in this case. But knowing that if the claimant's doctor accepts the claimant's self-reported symptoms, the ALJ must also accept them, absent specific evidence in the record to the contrary, should allow the Commissioner to decide cases more quickly and avoid the substantial expense, effort, and delays that result from judicial review and appeal.

*Id.* at 12. It is this language that the Commissioner asks the court to remove from its decision. The Commissioner expresses concern about "the Court's statements suggesting that ALJs must, in almost all circumstances, give controlling weight to opinions from a claimant's treating physician

2

that are based primarily on a claimant's self-reported symptoms." Dkt. No. 26 at 3. The Commissioner notes that such a sweeping rule would be contrary to the regulations and prior decisions of the Seventh Circuit.

The court appreciates and indeed shares the Commissioner's concern. As the court noted in its decision, given the definitions of the terms "signs," "symptoms," and "laboratory findings" in the regulations, "the ALJ can be forgiven for thinking that the fact that Brott's psychiatrists seemed to base their opinions on Brott's own description of what she was experiencing was a reason to discount the weight of those opinions." Dkt. 23 at 10. The court also cited an article from the Journal of Contemporary Legal Issues noting that diagnostic conclusions for many mental disorders "rel[y] heavily on the self report of a potentially biased evaluee and cannot be supported by any objective measures." *Id.* at 12. Despite this concern, however, the court was attempting to set out a principle of law that would help resolve social security disability cases without the repeated appeals and reversals and concomitant delays and expense. For while it is true that cases are fact specific, the principles of law that govern the disposition of cases are uniform, or at least should be. By identifying the principles enunciated by the Seventh Circuit that govern the evaluation of expert opinions in social security cases, it was the court's hope to assist both the Commissioner and claimants in avoiding future appeals.

In attempting to do so, however, it appears that the court may have overstated the Seventh Circuit's holdings in this area. For while the Seventh Circuit has held in several cases that the fact that a treating psychologist's opinion is based primarily on the claimant's subjective report is not a basis for rejecting it, *see, e.g.*, *Adaire v. Colvin*, 778 F.3d 685, 688 (7th Cir. 2015), *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015), and *Mischler v. Berryhill*, ___ F. App'x ___, 2019 WL 1299948,

at *5 (7th Cir. Mar. 20, 2019), the court has not held that such an opinion would be entitled to controlling weight as long as it is not inconsistent with substantial other evidence. To be given "controlling weight," a treating source's opinion must be "well-supported by medically acceptable clinical *and laboratory diagnostic techniques* and [ ] not inconsistent with the other substantial evidence . . . ." 20 C.F.R. § 404.1527(c)(2) (emphasis added). Even if the claimant's subjective reports can be considered clinical signs, most opinions of treating psychologists and psychiatrists are not "well-supported" by "laboratory diagnostic techniques." Thus, it would seem rare that it would be appropriate to give such a report controlling weight.

Yet, if as the above decisions appear to hold, an ALJ errs in discounting an opinion of a treating physician or psychologist simply because it is based on the subjective report of the claimant, it may make little difference, as a practical matter, whether the treating physician's opinion is deemed "controlling" or not. If the subjective reports of the claimant recounted by the treating source constitute medically acceptable clinical signs of the severity and limiting effect of a mental impairment, as opposed to the "symptoms" reported by the claimant which the ALJ is tasked with evaluating based on the medical evidence and the record as a whole, the treating source will generally come out on top as compared to the opinions of non-examining state agency consultants when the other factors pertinent to the assessment of medical source opinions are considered.

As the Commissioner also points out, however, the Seventh Circuit has not been entirely consistent in this area. The Commissioner cites several cases in which the court has "affirmed the principle that an ALJ can discount a medical opinion because the opinion was 'based on subjective reports . . . rather than objective measurements.'" Dkt. No. 26 at 5 (citing *Alvarado v. Colvin*, 836 F.3d 744, 748 (7th Cir. 2016), *Bates v. Colvin*, 736 F.3d 1093, 1100 (7th Cir. 2013), and *White v.*

4

*Barnhart*, 415 F.3d 654, 659 (7th Cir. 2005)). Given the continued viability of these cases, this court's effort to identify a clear principle for evaluating such opinions was mistaken.

For these reasons, the Commissioner's motion for modification of the court's decision (Dkt. No. 25) is **GRANTED**. The Clerk is directed to replace the court's original decision with an amended decision containing the requested changes.

**SO ORDERED** at Green Bay, Wisconsin this   22nd   day of May, 2019.

                                      s/ William C. Griesbach
                                      William C. Griesbach, Chief Judge
                                      United States District Court